IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ronnie Allen Mitchell, #217691, ) | |
| ) | Civil Action No. 6:05-1637-CMC-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Colie L. Rushton, Warden, MCCI; and, ) | |
| Henry D. McMaster, Attorney General ) | |
| for South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined at the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to commitment orders from the Newberry County Clerk of Court. The Newberry County Grand Jury indicted the petitioner at the November 1994 term of court for burglary in the first degree and criminal sexual conduct (94-GS-36-564). Attorney Raymond K. Wicker represented him at the jury trial, which was held on February 6-7, 1995, before the Honorable E. C. Burnett, III. The petitioner was convicted of first degree burglary and assault with intent to commit criminal sexual conduct. Judge Burnett

sentenced him to life imprisonment for burglary and to 30 years on the charge of criminal sexual conduct.

The petitioner apparently tried to appeal to the South Carolina Supreme Court. However, the notice of appeal was not filed, and in an order dated March 13, 1005, the South Carolina Supreme Court dismissed the appeal for failure to provide timely proof of service on opposing counsel, as required by Rule 203, SCACR. The petitioner thereafter apparently petitioned for reinstatement of his appeal, but the South Carolina Supreme Court filed an unpublished order on April 24, 1995, in which it noted that service of the notice of appeal is jurisdictional and, therefore, it lacked jurisdiction. The South Carolina Supreme Court also sent the remittitur to the Newberry County Clerk of Court on April 24, 1995.

The petitioner filed an application for post-conviction relief on January 30, 1996 (96-CP-36-31), in which he alleged the following grounds for relief:

> (1)  Ineffective Assistance of Counsel. Did not request continuance on Burglary Charge. Did not do a legal and factual investigation of charges.
>
> (2)  Improper Sentence on Assault with Intent to Commit Criminal Sexual Conduct. The Judge still sente[c]ed me to 30 years for C.S.C. But the Jury Only Found me guilty To a Lessor Offense, in the Law Books Assault with The intent is The Same as C.S.C. 1st Degree Seems To Me The Judge didn't explain 1st 2nd or 3rd degree To The Jury. Also The Judge stated To The Jury if They could not Find me guilty of C.S.C. 1st Degree He told Them They could not Find Me guilty of 1st Degree Burglary My Law[yler Didn't say anything To The Judge about this when The Verdict was Read out! Why?
>
> (3)  Without proper indictment Court had no Jurisdiction.

The State made its return on September 27, 1996. The Honorable David H. Maring, Sr., held a hearing in the matter. The petitioner was present and represented by attorney Charles Johnson. The State was represented by Barbara M. Tiffin of the SC Attorney General's Office.

The petitioner testified on his own behalf at the hearing. Attorney Ray Wicker testified on behalf of the State. Judge Maring also had before him a copy of the transcript of the

2

proceedings held against the petitioner, the records of the Newberry County Clerk of Court, and the petitioner's records from the South Carolina Department of Corrections.

In an order dated March 19, 1997, Judge Maring dismissed the application. The petitioner did not appeal from this order of dismissal.

The petitioner then filed a second application for post-conviction relief on March 5, 1998 (98-CP-36-89), in which he alleged the following grounds for relief:

> (1)     Ineffective assistance of Post Conviction Relief Counsel. PCR counsel failed to file Notice of Intent to appeal and the appeal itself.
>
> (2)     I was abandoned after denial of Post Conviction as to where I did not know how to file an appeal to the Appellate Courts. I was totally abandoned by PCR counsel's negligence in perfecting the appeal.

The State made its return on May 26, 1998. The Honorable Larry E. Patterson convened an evidentiary hearing into the matter on February 9, 1999, at the Greenwood County Courthouse. The petitioner was present at the hearing and represented by attorney Lisa Echols. The State was represented by Assistant Attorney General Howard Steinberg.

The petitioner testified on his own behalf at the hearing. Attorney Charles Johnson testified on behalf of the State. Judge Patterson also had before him a copy of the transcript of the proceedings held against the petitioner, the records of the Newberry County Clerk of Court, and the petitioner's records from the South Carolina Department of Corrections. Judge Patterson denied relief and dismissed the application by order dated March 8, 1999. In this Order, Judge Patterson found that previous PCR counsel, Mr. Johnson, was not ineffective for failing to perfect an appeal because the petitioner never communicated to Mr. Johnson that he wished to appeal the earlier order of dismissal in 96-CP-36-31. The petitioner timely served and filed a notice of appeal to the Supreme Court of South Carolina.

Assistant Appellate Defender Robert M. Pachack represented the petitioner in collateral appellate proceedings. On January 4, 2000, the petitioner filed a petition for writ of certiorari in the South Carolina Supreme Court, raising the following question for that court's review:

Whether petitioner should be entitled to a successive PCR hearing?

The State made a return to the petition for writ of certiorari on March 10, 2000. On March 14, 2001, the Supreme Court of South Carolina filed an unpublished order denying certiorari and refusing to consider the merits of the petition. The Supreme Court of South Carolina sent the remittitur to the Newberry County Clerk of Court on April 2, 2001.

The petitioner then filed a third application for post-conviction relief on February 8, 2002 (02-CP-36-0063), in which he alleged the following grounds for relief:

(1)     I was not aware of Appeal Rights

(2)     Attorney Did not advise me; or Appeal it

(3)     Court Lacked Subject Matter Jurisdiction

The State made its return on March 25, 2003, and asserted that the 2002 application should be summarily dismissed because it was successive under S.C. Code Ann. §17-27-90(1985) and *Aice v. State,* 409 S.E.2d 392 (S.C. 1991), and because the application was untimely under the one-year statute of limitations which governs the filing of PCR actions, S.C. Code Ann. §17-27-45(A) (Supp. 2002).

The Honorable James W. Johnson, Jr., convened an evidentiary hearing into the matter on April 17, 2003, in Laurens, South Carolina. The petitioner was present at the hearing and represented by David E. Belding,. Assistant Attorney General Christopher Newton represented the State.

The petitioner testified on his own behalf at the hearing. Judge Johnson also had before him a copy of the transcript of the proceedings held against the petitioner, the records of the Newberry County Clerk of Court, and the petitioner's records from the South Carolina Department

of Corrections. By order dated May 12, 2003, Judge Johnson denied relief and dismissed the application in its entirety, finding that the application was barred as successive and barred by the statute of limitations.

The petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Robert M. Dudek represented him on certiorari in the South Carolina Supreme Court. On April 21, 2004, Mr. Dudek filed a *Johnson*[1] petition for writ of certiorari on the petitioner's behalf in the South Carolina Supreme Court and moved to be relieved as counsel. The only issue raised in the *Johnson* petition for that court's review was stated as follows:

> Whether petitioner's case should be remanded for a hearing on whether he is entitled to a *White v. State* belated direct appeal of his first degree burglary conviction and his life sentence since there is not any evidence the lower court has ever addressed that issue in this case?

*Johnson* petition for certiorari, p. 2. The South Carolina Supreme Court denied certiorari and granted counsel's request to be relieved in an unpublished order filed on March 3, 2005. It sent the remittitur to the Newberry County Clerk of Court on March 22, 2005.

The petitioner raises the following grounds for relief in his *pro se* petition for writ of habeas corpus:

> Ground 1: Ineffective assistance of counsel for failure to directly appeal conviction and sentence of February 7, 1995.
>
> Supporting Facts: I communicated with trial counsel by personam conversation telephonic communication and written correspondence of my desire to directly appeal the conviction and sentence of February 7, 1995. Counsel did not respond nor refused to respond and I lost the right to appeal.
>
> Ground 2: Trial court lacked subject matter jurisdiction because indictments amended during trial after jury sworn
>
> Supporting Facts: Petitioner was tried and convicted upon indictment that was clearly defective as the trial court lost subject matter

---

[1] *Johnson v. State,* 364 S.E.2d 201 (S.C. 1988).

5

jurisdiction over the first degree burglary charge when it permitted the state at the onset of trial to amend indictment by deleting wording from body of indictment which changed the nature and elements of the charge.

On August 17, 2005, the respondents filed a motion for summary judgment. By order of this court filed August 18, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. The petitioner filed his opposition to the motion on September 9, 2005.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d) provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondents first argue that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). The petitioner was convicted by a jury and was sentenced on February 7, 1995. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner had 10 days following his sentencing in which to serve a notice of appeal, S.C.A.C.R. 203 (b)(2),[2] which he

---

[2]Rule 203.  Notice of Appeal
  (a) Notice.  A party intending to appeal must serve and file a notice of appeal and otherwise comply with these Rules.  Service and filing are defined by Rule 233.
  (b) Time for service.
  ***
  (2) Appeals From the Court of General Sessions. After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.
S.C.A.C.R. 203(b)(2)).

apparently tried to do. However, the notice of appeal was not filed, and the appeal was dismissed on March 13, 1995, for failure to provide timely proof of service on opposing counsel. The petitioner petitioned for reinstatement of the appeal, which the South Carolina Supreme Court denied on April 24, 1995. The remittitur to the Newberry County Clerk of Court was also on April 24, 1995 . Clearly, the petitioner's direct appeal became final prior to the enactment of the AEDPA and, thus, the limitations period would begin to run with the AEDPA's effective date, April 24, 1996. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). Accordingly, the limitations period expired on April 24, 1997, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2).

The petitioner filed his first application for PCR on January 30, 1996 ("the 1996 PCR"), and it was pending at the time the AEDPA went into effect. The PCR was dismissed on March 19, 1997, and the petitioner had 30 days to perfect an appeal, which he did not do. Accordingly, the statute of limitations was tolled during this period and began to run on April 18, 1997.

The plaintiff filed his second application for PCR on March 5, 1998 ("the 1998 PCR"), and the respondents concede that the 1998 PCR was a "properly filed" PCR application (resp. m.s.j. 9). At that point, 321 days of non-tolled time had passed (between April 18, 1997, and March 5, 1998). The 1998 PCR became final no later than when the state court sent the remittitur to the Newberry County Clerk of Court on April 2, 2001.

The petitioner filed a third application for PCR on February 8, 2002 ("the 2002 PCR"). At that point, another 312 days of non-tolled time had passed (between April 2, 2001, and February 8, 2002), for a total of 633 days of non-tolled time. The respondents argue that the 2002 PCR was not a "properly filed" PCR application because it was successive and barred by the statute of limitations governing PCR applications. However, giving the petitioner every benefit of the doubt, this court will consider the 2002 PCR to have once again tolled the statute of limitations for purposes

8

of this motion. The 2002 PCR became final no later than when the South Carolina Supreme Court sent the remittitur to the Newberry County Clerk of Court on March 22, 2005.

The *Houston v. Lack*, 487 U.S. 266 (1988), delivery date of the instant petition was June 3, 2005. *See* 6/28/05 order at 1, n. 1. Accordingly, another 73 days of non-tolled time accrued. Thus, a total of 706 days of non-tolled time accrued since the petitioner's period of limitations began to run on April 18, 1997. As a result, the instant petition was filed, at the very least, some 341 days late.

The petitioner does not address the respondents' statute of limitations argument in his response brief. Nonetheless, the court will consider whether the petitioner is entitled to equitable tolling of the statute of limitations.

In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals described the analysis of a claim of equitable tolling as follows:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.* at 330. The court went on to find:

> Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent

9

> misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that "extraordinary circumstance" external to Harris that would justify equitable tolling. *See Taliani*, 189 F.3d at 598 (holding that a lawyer's miscalculation of a limitations period is not a valid basis for equitable tolling); *see also Sandvik*, 177 F.3d at 1272 (refusing to toll the limitations period where the prisoner's delay was assertedly the result of a lawyer's decision to mail the petition by ordinary mail rather than to use some form of expedited delivery); *Fisher*, 174 F.3d at 714-15 (refusing to toll limitation where access to legal materials that would have given notice of the limitations period was delayed); *Miller v. Marr*, 141 F.3d at 978 (same); *Gilbert v. Secretary of Health and Human Services*, 51 F.3d 254, 257 (Fed.Cir.1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation).

*Id.* at 330-31.

In *Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004), the Fourth Circuit Court of Appeals held that because the petitioner, who had been sentenced to death and filed his federal habeas petition one day late, had not shown that extraordinary circumstances beyond his control prevented him from timely filing his federal habeas petition, equitable tolling should not apply. In so deciding, the court stated, "Former counsel's errors are attributable to [the petitioner] not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were attributable to him under standard principles of agency." *Id.* at 249. The court further noted that as there is no constitutional right to counsel in collateral proceedings, any failure attributed to collateral counsel is necessarily attributable to the petitioner. *Id.* at 250.

There is no allegation that the State of South Carolina contributed in any way to the petitioner's delay in filing. Furthermore, there are no extraordinary circumstances beyond the petitioner's control that made it impossible to file the claims on time. Thus, equitable tolling is not warranted here, and the petitioner's action is barred by the AEDPA's statute of limitations.

**CONCLUSION AND RECOMMENDATION**

As the federal petition was at least 341 days late and being "mindful that Congress enacted §2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.[3]  Wherefore, based upon the foregoing, it is recommended that the petition for habeas corpus relief be denied and that the respondents' motion for summary judgment be granted.[4]  *See Rouse*, 339 F.3d at 257 (affirming dismissal of petition filed one day late).

s/ William M. Catoe
United States Magistrate Judge

December 22, 2005

Greenville, South Carolina

---

[3] The recent decision of the Fourth Circuit Court of Appeals in *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), is inapposite on the facts.

[4] As this court has recommended dismissal based on statute of limitations, the respondents' other grounds for dismissal will not be addressed.